IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| RUTHEN JAMES WEEMS, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 6-16-CV-012  RP |
| | § | |
| MOTEL 6 CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### ORDER

Before the Court is Plaintiff's Motion for Reconsideration, filed February 4, 2016 (Clerk's Dkt. #3).  By way of the motion, Plaintiff asks this Court to reconsider the removal of this action by Defendant from Texas state court.  After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I.  BACKGROUND

Plaintiff Ruthen James Weems, III ("Weems") originally filed this action in the 74th Judicial District Court of McClennan County, Texas proceeding pro se and in forma pauperis.  He filed his original petition on December 17, 2015 naming as sole defendant Motel 6 Corporation ("Motel 6").  Defendant removed the action to this Court on January 19, 2016 based on Plaintiff's assertion of claims of violations of his rights under the United States Constitution.

Weems alleges, while he was a guest at Motel 6, police officers spotted a car in the motel parking lot which they believed had been driven by a person involved in a shooting.  He further alleges the officers asked the office staff of the motel which room the owner of the car was registered in.  According to Plaintiff, without attempting to contact him and without benefit of a warrant, the officers were given a key to his room.  The officers entered his room without permission, assaulted him and searched his room.

In his original state court petition, Weems asserted the actions of the office staff permitted

the officers to violate his right to privacy under state law, as well as his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Consitution. (Pet. ¶ 34). Shortly after this action was removed to this court, Plaintiff sought leave to file an amended complaint. No response was filed to the motion and it was therefore granted as unopposed. *See* W.D. Tex. Local R. CV-7(e) (if no response is timely filed, the court may grant the motion as unopposed). The amended complaint asserts claims solely under Texas common law and the Texas Constitution.

Based on the filing of his amended complaint, Plaintiff has asked the court to reconsider the Defendant's removal of this action. The Court construes the motion as seeking to remand this action back to state court. To date, no response has been filed.

## II. STANDARD OF REVIEW

A case may be removed to federal court if it is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Implementation of this statute is controlled by the well-pleaded complaint rule. This rule provides that a "properly pleaded complaint governs the jurisdictional determination and if, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989). Stated differently, removal is proper if the complaint establishes: (1) federal law creates the cause of action; or (2) federal law is a necessary element of one of the well-pleaded claims. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09, 108 S. Ct. 2166, 2173-74 (1988); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856 (1983). The burden of establishing federal jurisdiction is on the party seeking removal. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

## III. ANALYSIS

In his motion, Plaintiff suggest this action should be remanded back to state court because

his amended complaint does not raise any federal question, but merely issues of Texas state law. "Once [a] case is removed, a plaintiff's voluntary amendment to a complaint will not necessarily defeat federal jurisdiction; it is within the district court's discretion whether to remand the action to state court." *Lone Star OB/GYN Assocs. v. Aetna Health, Inc.*, 579 F.3d 525, 528 (5th Cir.2009). Even if "the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished. Instead, the decision as to whether to retain the pendent claims lies within the sound discretion of the district court." *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990).

The Court's discretion is guided by the statutory factors set forth in 28 U.S.C. § 1367(c) which permit a court to decline to exercise supplemental jurisdiction over a state law claim if the claim raises a novel or complex issue of state law, all federal claims have been dismissed or there are other compelling reasons for declining jurisdiction. 28 U.S.C. §1367(c); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). The Court must also consider the common-law factors of judicial economy, convenience, fairness, and comity. *Mendoza*, 532 F.3d at 346. The factors are to be considered on a case-by-case basis, and no single factor is dispositive. *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

Plaintiff has voluntarily dismissed all of his federal claims in this action. Further, as noted above, Defendant has not filed a response to Plaintiff's motion, suggesting no opposition to the relief sought. Finally, this case is in its infancy, and no scheduling order has been entered. Accordingly, based on the totality of the factors under section 1367 and the common-law factors, the Court concludes Plaintiff's motion should be granted.

### IV.  CONCLUSION

The Court hereby **GRANTS** Plaintiff's Motion for Reconsideration (Clerk's Dkt. #3). .

**IT IS THEREFORE ORDERED** that this cause is **REMANDED** to the 74th Judicial District

Court of McClennan County, Texas.

**SIGNED** on March 10, 2016.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE